HOULE *v.* SOCIETE ST. JEAN BAPTISTE.

1. LIFE INSURANCE — FRATERNAL INSURANCE — NONPAYMENT OF DUES—EFFECT.

Where the laws of a fraternal beneficial society provide that no member can pretend to the benefits if he has neglected during three months to pay his monthly dues, and that every member who has neglected during one year to pay dues shall, after notice, be erased from the registry of the society, a member in arrears more than three months is not entitled to benefits, though not erased from the registry.

2. SAME—SEPARATE BENEFITS—SOURCE OF FUNDS.

Where the members are entitled to participate in two different funds, viz., a widow and orphan fund, arising from assessments, and a funeral benefit fund, arising from monthly dues, a law providing that no member can pretend to benefits if he has neglected during three months to pay his monthly dues, applies to both funds, and a member so in arrears cannot participate in either fund.

3. SAME—NONPAYMENT OF DUES—EXCUSE.

A conversation with the secretary of defendant society, relied upon as an excuse for the nonpayment of dues, is insufficient for that purpose where, giving it the utmost effect claimed for it, it only amounted to information that the dues were paid for a certain period, a fact which was true, and the nonpayment of subsequent dues caused the forfeiture.

Error to Houghton; Streeter, J.   Submitted June 10, 1908.   (Docket No. 16.)   Decided June 27, 1908.

Assumpsit by Emma Houle against the Societe St. Jean Baptiste on a policy of insurance.   There was judgment for defendant on a verdict directed by the court, and plaintiff brings error.   Affirmed.

*P. H. O'Brien,* for appellant.

*Shelden & Legris,* for appellee.

The defendant is a fraternal beneficial society incorporated under the laws of this State.   Its members are persons of French Canadian descent living in the county of Houghton.   One of its objects—perhaps its main object—is to secure sick and death benefits to its members.   Its death benefits are of two classes : one called a widow and orphan fund which is raised by an assessment of one dollar on each member; the other a funeral benefit of $50 which is paid out of the fund raised by monthly dues on the members.   The laws of the order provide :

" The dues of members shall not be less than fifty cents per month, payable at the regular general meeting of the next month.

" No member can pretend to the benefits of the Society if he has neglected during three months to pay his monthly dues and fines which may have been imposed.

" Every member who will neglect during three months to pay his monthly dues and other dues, and who will become sick, will have no right to any benefits of the Society for his present sickness, even by paying the amount which he owes to the Society.

" Every member who has neglected during one year to pay his monthly dues and other dues, shall be after notice erased from the registry of the Society, or stricken from the registry of the Society."

Napoleon Houle, plaintiff's father, was a member of said society.   In 1903 he removed from Houghton county, where he formerly resided, to another part of the State, instructing one of his sons to pay his dues to the society.

No dues were paid after the month of February, 1904. June 3, 1904, Houle died. The day after his death the defendant society passed a resolution declaring him in arrears. The insured left surviving a daughter, the plaintiff, and three sons. The sons assigned their interest in the insurance benefits to plaintiff and she brought this suit. It was tried in the lower court before a jury. The foregoing facts were established. For the purpose of furnishing an excuse for the nonpayment of dues, plaintiff put upon the witness stand her brother Wilfred Houle, the son charged by the insured with the payment of the dues. He testified:

"I met him [the secretary of defendant society] on the street and asked him how my father stood with the society, and he told me that he didn't know exactly but he would look it up and let me know, so I didn't see him any more, but I went for probably a month and a half or two months. I met him again and I asked him if he had looked it up and he told me that he had forgotten all about it, but he would see to it that it was all right and he would let me know for sure. Of course, then I didn't see him any more after that, and the first thing I knew father died. * * * I testified in the lower court on the trial of this case, that I had seen Mr. Rouleau [the defendant's secretary] with regard to my father's dues around January, in the first instance, and then two or three weeks after, or around the first of February. * * * What I testified to in the lower court is as near as I can tell."

The trial court directed a verdict for the defendant and plaintiff asks us to reverse the judgment rendered therein.

CARPENTER, J. (*after stating the facts*). 1. It is contended by the plaintiff that until the society had taken action suspending the member, or until his name had been erased from the registry, he was entitled to these benefits. This contention is directly opposed to the language of the provision:

"No member can pretend to the benefits of the society

if he has neglected for three months to pay his monthly dues."

2. It is urged that the failure to pay the monthly dues should not defeat recovery for the widow and orphan fund, so-called, because that was not derived from the monthly dues. This argument might with propriety be addressed to the society to induce them to change their laws. But it does not aid in the duty devolving upon this court, viz., the duty of construing the laws which were made. According to the language of those laws, and their proper construction, the failure to pay dues for three months deprived a member of the benefits of the society. This does not mean one of the benefits. This means all benefits of the society.

3. It is contended that the conversation which occurred between Wilfred Houle and defendant's secretary waived the payment of the dues. It is a sufficient answer to this contention to say that the dues referred to in the conversation were those which became due in January and February, and, assuming that the secretary informed Wilfred either by word or conduct that these were paid, he merely told him a fact that is established to be true by the testimony in this case. That fact did not justify a failure to pay the dues for the subsequent months, and that failure is what led to the loss of the benefits in suit.

The judgment is affirmed.

GRANT, C. J., and BLAIR, MOORE, and McALVAY, JJ., concurred.